# EXHIBIT A

# Court of Common Pleas of Philadelphia County
## Trial Division
### Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

AUGUST 2005

693852

| | |
|---|---|
| **Plaintiff's Name:** Holly Shaw | **Defendant's Name:** Armco Construction, Inc. |
| **Plaintiff's Address:** 824 Watkins Street, Philadelphia, PA 19148 | **Defendant's Address:** 4300 Holmesburg Ave., Philadelphia, PA 19136 |
| | **Defendant's Name:** Weeks Marine, Inc. |
| | **Defendant's Address:** 4 Commerce Drive, Cranford, New Jersey 07016. |
| | **Defendant's Name:** |
| | **Defendant's Address:** |

**Total No. of Plaintiffs:** 1
**Total No. of Defendant's:** 2

**Commencement of Action:**
- ☒ Complaint
- ☐ Petition Action
- ☐ Notice of Appeal
- ☐ Writ of Summons
- ☐ Transfer From Other Jurisdiction

**Amount in Controversy:**
- ☐ $50,000.00 or less
- ☒ More than $50,000.00

**Court Programs:**
- ☐ Arbitration
- ☒ Jury
- ☐ Non-Jury
- ☐ Other:
- ☐ Mass Tort
- ☐ Savings Action
- ☐ Petition
- ☐ Commerce
- ☐ Minor Court Appeal
- ☐ Statutory Appeals
- ☐ Settlement
- ☐ Minors
- ☐ W/D/Survival

**Case Type and Code (See Instructions)**
26070 (Maritime Tort - Personal Injury)

**Statutory Basis For Cause of Action (See Instructions)**
46 U.S.C.A §688; 33 U.S.C.A. §905(b)

**Related Case Type and Code (See Instructions)**
Holly Shaw v. Armco Construction, Inc., Weeks Marine, Inc. and Arthur H. Sulzer Associates, Inc.
January Term, 2004 No.: 3727

**Is Case Subject To Coordination Order?**
Yes ☐  No ☒

**To the Prothonotary:**
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:
Papers may be served at the address set forth below.

**Name of Plaintiff's/Petitioner's/Appellant's Attorney:** Charles E. Schaffer, Esquire

**Address (See Instructions):** Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106

**Phone Number:** 215-592-1500
**Fax Number:** 215-592-4663

**Supreme Court Identification No.:** 76259

**E-Mail Address:** cscbaffer@lfsblaw.com

**Signature:** [signed]

**Date:** August 24, 2005

**LEVIN, FISHBEIN, SEDRAN & BERMAN**
BY:   Charles E. Schaffer, Esquire
         I.D. No. 76259
Suite 500, 510 Walnut Street
Philadelphia, PA 19106
(215) 592-1500

Attorney(s) for Plaintiffs

---

HOLLY SHAW, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF
SCOTT SHAW

    v.

ARMCO CONSTRUCTION, INC.

    v.

WEEKS MARINE, INC.

:  TERM, **AUGUST 2005**
:  NO.
:  CIVIL ACTION   003852
:
:  **ATTEST**
:  AUG 3 0 2005
:  **LAURA PAONE**
:
:  **JURY TRIAL DEMANDED**

---

## COMPLAINT CIVIL ACTION

### NOTICE TO PLEAD

**NOTICE** You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. **PHILADELPHIA COUNTY BAR ASSOCIATION** LAWYER REFERRAL AND INFORMATION SERVICE 1101 MARKET STREET, 11TH FLOOR PHILADELPHIA, PENNSYLVANIA 19107 TELEPHONE: (215) 238-1701

**AVISO** Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siquientes, usted tiene veinte (20) dias de plazo al partir de la fecha de lan demanda y la notificacion. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiendandes u otros derechos importantes para uted. LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIOI, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. **ASOCIACION DE LICENCIADOR DE PHILADELPHIA** VICIO DE REFERENCIA DE INFORMACION LEGAL 1101 MARKET STREET, 11TH FLOOR PHILADELPHIA, PENNSYLVANIA 19107 TELEFONO: (215) 238-1701

**LEVIN, FISHBEIN, SEDRAN & BERMAN**
BY:   Charles E. Schaffer, Esquire
          I.D. No. 76259
Suite 500, 510 Walnut Street
Philadelphia, PA 19106                                             Attorney(s) for Plaintiffs
(215) 592-1500

| | |
|---|---|
| HOLLY SHAW, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF SCOTT SHAW | TERM, |
| | NO. |
| v. | |
| ARMCO CONSTRUCTION, INC. | CIVIL ACTION |
| v. | |
| WEEKS MARINE, INC. | **JURY TRIAL DEMANDED** |

## COMPLAINT

**I.   PARTIES**

1. Plaintiff, Holly Shaw, is the surviving spouse of decedent, Scott C. Shaw, and has been appointed Administratix of the Estate of Scott C. Shaw in the County of Philadelphia, Pennsylvania.  See a copy of the letters of testamentary attached hereto as Exhibit "A".

2. Plaintiff, Holly Shaw is a citizen of the Commonwealth of Pennsylvania residing at 824 Watkins Street, Philadelphia, PA 19148.

3. Defendant, Armco Construction, Inc., is a corporation and/or business entity qualified to and conducting business in Pennsylvania, Philadelphia County, by virtue of the laws of the Commonwealth of Pennsylvania having as one of its principal places of business located at 4300 Holmesburgh Avenue, Philadelphia, PA 19136.  Hereinafter, this defendant will be referred

to as "Armco".

4. Upon information and belief, defendant, Weeks Marine, Inc., is and was a corporation and/or business entity, having as one of its principal places of business 4 Commerce Drive, Cranford, New Jersey 08106. At all times material hereto, defendant, Weeks Marine, Inc., was authorized to and conducted business in Pennsylvania, Philadelphia County by virtue of the laws of the Commonwealth of Pennsylvania. Hereinafter this defendant will be referred to as "Weeks Marine".

## II.   FACTS

5. At all times material hereto, defendants, Armco and Weeks Marine were doing business in the navigable waters of the Delaware River and Schulykill River, Philadelphia, Pennsylvania.

6. At all times material hereto, defendant Armco was overseeing, supervising, monitoring, and performing a dredging operation in the navigable waters of the Delaware River in and around the vicinity of the United States Coast Guard Station and in the navigable waters of the Schulkyll River, Philadelphia, Pennsylvania.

7. At all times material hereto, defendant, Weeks Marine owned a barge (open hopper barge) known as Weeks 114 which they charted to Armco to be used in the dredging operation of the U.S. Coast Guard Basin in the Delaware River and in the navigable waters of the Schulykill River, Philadelphia, PA.

8. Prior to September 7, 2002, defendant Weeks Marine chartered and delivered the open hopper barge known as the Weeks 114 to defendant Armco knowing Armco intended to use this barge in the dredging operation of the U.S. Coast Guard Basin, Delaware River,

Philadelphia, PA and in the navigable waters of the Schulykill River, Philadelphia, PA.

9. Defendant Weeks Marine chartered and delivered the Weeks 114 barge to defendant Armco in an unseaworthy condition.

10. Defendant, Armco also chartered a deck barge to be used in the dredging operation from Arthur Sulzer Associates, Inc. ("Sulzer").

11. At all times material hereto, defendant, Armco owned, operated, managed, possessed and controlled the Weeks 114 barge and the Sulzer barge (TOR) in the navigable waters of the Delaware River and Schulkyll River in Philadelphia, Pennsylvania. Both barges were being used by Armco in performing the dredging operation in and around the United States Coast Guard Basin, in the navigable waters of the Delaware River and in the navigable waters of the Schulkyll River, Philadelphia, PA.

12. At all times material hereto, decedent, Scott C. Shaw was employed by defendant, Armco as a seaman or a longshore and harbor worker and member of the crew of the barges, Weeks 114 and/or TOR which were in navigation on the navigable waters of the United States and which were being used in the dredging operation of the United States Coast Guard Basin, in the navigable waters of the Delaware River and in the navigable waters of the Schulkyll River, Philadelphia, PA.

13. On or about September 7, 2002 while working in the course and scope of his employment aboard the barges, without any fault on the part of decedent and wholly and solely by reason of the negligence, recklessness and carelessness of defendants, acting by and through their agents, servants and/or employees, all acting within the course and scope of their employment, decedent was caused to fall off defendants' barge into the Schulkyll River

sustaining serious and permanent injuries resulting in his drowning and death.

14. On or about September 7, 2002, while the barges were operating in the navigable waters of the Delaware River and Schulkyll River, decedent was caused to fall off one of the barges into the navigable waters of the Schulkyll River suffering personal injuries including drowning and his death.

15. On or about September 7, 2002, defendants' barge, Weeks 114 was unseaworthy.

16. Prior to September 7, 2002 the barge, Weeks 114 was chartered and delivered to defendant Armco in an unseaworthy condition by defendant, Weeks Marine.

17. By reason of the unseaworthiness of the barge and/or defendants' negligence, plaintiff's decedent was caused to fall off the barge into the navigable waters of the Schulkyll River causing his death as a result of drowning.

18. Plaintiff, Holly Shaw, Administratrix of the Estate of Scott C. Shaw files this action under the general Maritime laws of the United States as well as the Maritime laws of the United States as modified by the Jones Act, 46 U.S.C.A. §688, *et seq.* and under the Longshore and Harbor's Worker Act, 33 U.S.C.A. §905(b). As to each and every one of her claims, expressly for personal injury, wrongful death and under a survival claim, she further invokes the laws of the Commonwealth of Pennsylvania to the extent they are applicable to the causes of action set forth in this complaint.

19. The defendants, each and every one of them, were individually and by and through their respective employees, servants and/or agents, negligent, reckless and/or careless for the following reasons:

(a) failing to provide safety equipment including a US Coast Guard approved personal flotation device, i.e. life jacket to crew/personnel (e.g. deck hands, equipment operators);

(b) failing to train, instruct and educate the crew/personnel (e.g. deck hands, equipment operators) on the recognition and avoidance of a hazardous conditions while working on the hopper barge (a/k/a Scow) and/or deck barge, especially around the unguarded edges of the barges especially when ingressing and/or egressing from the barges;

(c) failing to train, instruct and/or educate crew/personnel (e.g. deck hands, equipment operators) on wearing a US Coast Guard approved personal flotation device, i.e. life jacket while aboard the hopper barge (a/k/a Scow) and/or deck barge, especially around the unguarded edges of the barges and particularly when ingressing and/or egressing from one of the barges;

(d) failing to have a safety program and/or procedure in place to ensure that all crew/personnel (e.g. deck hands, equipment operators) were wearing all safety equipment especially a US Coast Guard approved personal flotation device, i.e. life jacket, while aboard the hopper barge (a/k/a Scow) and/or work barge;

(e) failing to equip the barges with a safe and appropriate gangway and/or ladder to allow the crew/personnel a safe means of ingress and/or egress from the barges;

(f) failing in their responsibility to provide a US Coast Guard approved personal flotation device, i.e. life jacket to the crew/personnel who would be working on the hopper barge and/or spud barge;

(g) failing to equip the hopper barge and spud barge with a US Coast Guard approved personal flotation device, i.e. life jacket;

(h) failing to train, educate and instruct the crew/personnel that marine construction workers must wear life jackets from the time they board the small motor boat at the beginning of the work day until the time they return from the work on the barge and at all times in between;

(i) failing to have a safety program and/or procedure in place to ensure that marine construction workers are wearing life jackets from the time they board the small motor boat at the beginning of the work day until the time they return from the work on the barges and at all times in between;

(j)  failing to adequately equip the vessels with safety railings, especially near points of embarkation and debarkation;

(k)  failing to provide a safe means of imbarkation and embarkation (ingress/egress) especially from one barge to another barge;

(l)  requiring the crew/personnel to attempt to negotiate an unreasonable and dangerous difference in elevation between the barges by climbing on rubber tire fenders to pass from one barge to the other;

(m)  failing to monitor and supervise the safety of the spoils operation and enforce life jacket, hard hat and gangway/ladder safety standards in accordance with widely accepted standards of the Maritime Construction Industry;

(n)  exposing the crew/personnel to extremely dangerous and hazardous conditions aboard the barges especially the risk of falling into the Delaware River when attempting to travel from one barge to another and/or embark and/or disembark from the barges;

(o)  failing to warn of a potentially dangerous condition of not wearing a life jacket while aboard the barges as well as the danger of falling into the river when attempting to pass from one barge to the other barge;

(p)  failing to maintain a proper lookout by sight, by hearing and by other means appropriate for the conditions;

(q)  failing to take action to avoid a member of the crew/personnel falling off one of the barges, especially when attempting to pass from one barge to the other barge;

(r)  failing to follow the statutory and regulatory rules of the navigation and good seamanship established by the United States Congress and the United States Coast Guard;

(s)  failing to promulgate and enforce reasonable rules of regulation for the performance of work on the barges in such a manner as to provide for the safety of decedent, Scott C. Shaw and other crew members;

(t)  failing to instruct and/or train the crew manning the barges;

(u)  failing to man the barges with a competent and trained crew; and

   (v) other negligence to be determine through discovery and presented at the trial of this case.

20. The defendants, each and every one of them, failed to provide seaworthy vessels, for reasons including but not limited to the following:

   (a) failing to provide safety equipment including a US Coast Guard approved personal flotation device, i.e. life jacket to crew/personnel (e.g. deck hands, equipment operators);

   (b) failing to equip the barges with a safe and appropriate gangway and/or ladder to allow the crew/personnel a safe means of ingress and/or egress from the barges;

   (c) failing to equip the hopper barge and spud barge with a US Coast Guard approved personal flotation device, i.e. life jacket;

   (d) failing to adequately equip the vessels with safety railings, especially near points of embarkation and debarkation;

   (e) failing to provide a safe means of imbarkation and embarkation (ingress/egress) especially from one barge to another barge; and

   (f) failing to man the barges with a competent and trained crew.

21. Decedent, Scott Shaw's injuries and death were through no fault, negligence or carelessness on his part.

22. The beneficiaries of decedent Scott Shaw are as follows:

   (a) Holly Shaw, wife, 824 Watkins Street, Phila., PA 19148;

   (b) Ryan Clarke Shaw, son, 824 Watkins Street, Phila., PA 19148;

   (c) Nicholas Dean Shaw, son, 824 Watkins Street, Phila., PA 19148; and

   (d) Scott Shaw, son, 24 Linden Road, Manahawken, New Jersey 08050.

23. As a direct and proximate result of defendants' negligence, decedent, Scott C.

Shaw sustained serious injuries and death and underwent significant and conscious mental anguish, pain and suffering prior to his death. Mr. Shaw's wife and sons have suffered substantial losses of grief, sorrow, society, consortium, support and services due to the death of Scott C. Shaw and will continue to do so in the future. Furthermore, Mr. Shaw's wife and sons have incurred funeral expenses and other expenses on the account of his death.

24. By reason of the unseaworthiness of the barges, decedent Scott C. Shaw sustained serious injuries and death and underwent significant and conscious mental anguish, pain and suffering prior to his death. Mr. Shaw's wife and sons have suffered substantial losses of grief, sorrow, society, consortium, support and services due to the death of Scott C. Shaw and will continue to do so in the future. Furthermore, Mr. Shaw's wife and sons have incurred funeral expenses and other expenses on the account of his death.

### COUNT I

### Holly Shaw, individually and as Administratrix of the Estate of Scott C. Shaw, deceased v. All Defendants Wrongful Death Action

25. The allegations contained in paragraph 1 through 26 are incorporated herein by reference with the same force and effect as though fully set forth herein at length.

26. Plaintiff, Holly Shaw, the wife of decedent and Administratrix of the Estate of Scott C. Shaw, deceased, brings this wrongful death action seeking damages herein on behalf of the survivors of decedent and on behalf of all persons entitled by law to recover damages for the death of Scott C. Shaw.

27. No action for any wrongful acts leading to the decedent's death was commenced during his lifetime.

28. As a direct and proximate consequence of the negligence of defendants' and the unseaworthiness of the barges resulting in the death of decedent, plaintiff brings this action on her own behalf individually and on the behalf of all decedent's survivors and all persons entitled by law to recover damages for losses including but not limited to the following:

   (a)   medical expenses;

   (b)   funeral expenses;

   (c)   estate administration expenses;

   (d)   loss of pecuniary value of the services, society, comfort, companionship, maintenance, guidance, tutelage, support, protection and employment which decedent would have provided for the remainder of decedent's natural life;

   (e)   mental suffering and anguish which plaintiff and survivors underwent as a result of decedents death and which will continue into the future;

   (f)   such other pecuniary contributions the survivors could have expected to receive from decedent and were caused to lose as the direct and proximate result of defendants' negligence; and

   (g)   such other losses recoverable under a wrongful death claim.

29. On behalf of the wrongful death beneficiaries, the administratrix claims damages for the monetary support decedent would have provided to the beneficiaries during his lifetime.

WHEREFORE, Plaintiff, Holly Shaw, individually and as the Administratrix of the Estate of Scott C. Shaw, deceased, demands judgment against the defendants, in an amount in excess of fifty thousand ($50,000.00) dollars, exclusive of interests and costs.

## COUNT II

### Holly Shaw, individually and as Administratrix of the Estate of Scott C. Shaw, deceased v. All Survival Action Defendants

30. The allegations contained in paragraphs 1 through 31 are incorporated herein by reference with the same force and effect as though fully set forth herein at length.

31. The plaintiff, Holly Shaw, as the administratrix of the Estate of Scott C. Shaw, deceased also brings this action on behalf of decedent's estate.

32. As a result of the negligence of defendants and the unseaworthiness of the barges, plaintiff's decedent suffered severe pain and suffering, emotional distress, anxiety, fear prior to his death, resulting in entitlement of damages by the Estate of Scott C. Shaw, deceased.

33. Plaintiff brings this action as administratrix of decedents estate and claims on behalf of the estate all damages recovered by law, including pain and suffering, which decedent underwent prior to his death; loss of earnings and future earning capacity suffered by decedent; loss of economic value of decedents life during the period of his life expectancy; damages for pecuniary losses suffered by his estate as a result of his death; damages for a complete loss of earnings and earning capacity that decedent was caused to suffer, less his cost of personal maintenance and all other damages allowed under the law.

34. Plaintiff also claims damages on behalf of the estate of plaintiff's decedent, damages for the pain and suffering undergone by decedent prior to his death.

35. Plaintiff also claims damages for the mental terror, horror and fright undergone by decedent prior to his death.

WHEREFORE, Plaintiff Holly Shaw, individually and as the Administratrix of the Estate of Scott C. Shaw, deceased, demands judgment against the defendants, for compensatory damages in the amount in excess of $50,000.00 exclusive of interests and costs.

LEVIN, FISHBEIN, SEDRAN & BERMAN

By: _____
Charles E. Schaffer
Attorney for Plaintiffs
Attorney Identification No. 76259
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3697
(215) 592-1500

Date: August 16, 2005

## **VERIFICATION**

I, Holly Shaw, hereby state that I am the plaintiff in this action, and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge. I understand that this Verification is being made subject to 18 Pa. C.S.A. § 4904, relating to unsworn falsification to authorizations.

_____8/24/05_____         _____Holly Shaw_____
Date                                                    HOLLY SHAW

RECYCLED PAPER
RECYCLABLE

LETTERS OF ADMINISTRATION

## REGISTER'S OFFICE
PHILADELPHIA COUNTY, PA

Nº A 5581-02

ESTATE OF SCOTT CLARKE SHAW

A/K/A SCOTT C. SHAW

Social Security No. 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

WHEREAS, SCOTT CLARKE SHAW late of PHILADELPHIA COUNTY

died on the 9TH day of SEPTEMBER, 2002; and

WHEREAS, the grant of letters of administration is required for the administration of his estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County and Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration FOR THE USE OF LITIGATION PURPOSES

to HOLLY SHAW

who ha S duly qualified as Administrator / TRIX of the estate of the above named decedent and ha S agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the 14TH day of NOVEMBER 2002

*Deputy Register*

10-36 (Rev 10/99)